UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN CUSTER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 22-1467-MMM |
| | ) |
| RUSSELL OWENS, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, has filed a Complaint under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement at the Peoria County Jail ("Jail"). (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Defendants Russell Owens, Diane Powers, Hoffman, and White, who are employees at the Jail. Plaintiff's Complaint is largely illegible. From what the Court can discern, Plaintiff alleges that he has had no running water in his cell (F33, F3 pod) to drink and

1

wash his hands since November 2022. Plaintiff states he was let out of his cell for one hour each day to use the dayroom and allowed to fill a 16 oz. bottle of water from the shower, which was the only working source of water. Plaintiff also claims that he has been abused by unidentified jail employees.

When Defendant White came on duty on December 19, 2022, Plaintiff begged Defendant White for water because he was thirsty. Plaintiff alleges that he was let out of his cell and collapsed because he was so thirsty. Plaintiff alleges that he has high blood pressure, and Defendant White called a med code. Defendants Hoffman and Powers responded to the med code. Plaintiff begged Defendant Powers to stop denying him water and a proper diet. Defendant Powers allegedly told Plaintiff to "shut up" and that she would take his blood pressure. Defendants Owens and Hoffman allegedly "walked off." Defendant White ordered Plaintiff to get water out of the shower area, but Plaintiff was so thirsty that he began to get cold water from the toilet bowl. Defendant Powers measured Plaintiff's blood pressure, determined it was low, and ordered Plaintiff to be taken to medical for an EKG.

## ANALYSIS

Based on the Court's review, it appears Plaintiff has attempted to raise a conditions of confinement claim based on the lack of running water in his cell. As a pretrial detainee, Plaintiff's "conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious…; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable–that is 'not rationally

related to a legitimate governmental objective or…excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Objective reasonableness 'turns on the facts and circumstances of each particular case.'" *Kemp*, 27 F.4th at 495 (quoting *Kingsley*, 586 U.S. at 397). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

"Under the Fourteenth Amendment, pretrial detainees are entitled 'to have enough water for drinking and sanitation.'" *Bell v. Dart*, 807 F. App'x 562, 564 (7th Cir. 2020) (quoting *Hardeman*, 933 F.3d at 821). "Water is vital for both health and sanitation. Dehydration affects practically every life function, including temperature regulation, digestion, brain function, toxin elimination, and oxygen distribution." *Id.* at 818.

Plaintiff states that he was released from his cell for only one hour a day and allowed to fill a 16 oz. bottle with water from the shower in the dayroom. Sixteen ounces of water per day is not enough for daily consumption, nor is it enough for Plaintiff to wash his hands throughout the day after using the toilet. It is unclear exactly how long Plaintiff was without running water in his cell. He alleges that he was placed in the cell in November 2022 and collapsed from thirst on December 19, 2022. Taking Plaintiff's allegations as true and viewing them in the light favorable to him, it appears that Plaintiff was without sufficient water to drink and cleanse his hands for days. Plaintiff has plausibly alleged facts showing that the conditions in his cell were objectively serious.

Even under the objective standard set forth in *Hardeman*, however, a plaintiff must allege that the defendants acted "purposefully, knowingly, or perhaps even recklessly." *Miranda*, 900 F.3d at 353; *see also Hardeman*, 933 F.3d at 826-27. As currently pled, Plaintiff's allegations against the Defendants are insufficient to state a conditions of confinement claim. It is unclear if

Defendants knew Plaintiff was without running water in his cell for days and if Plaintiff notified anyone about the issue. Plaintiff alleges that when he requested water on December 19, 2022, Defendant White released him from his cell to get water from the dayroom shower. These allegations do not establish that Defendant White acted with reckless disregard. *See Miranda*, 900 F.3d at 352. Plaintiff does not allege that Defendants were responsible for placing him in that cell, or that Defendants had the capability of moving him to another cell and refused to do so. Plaintiff does not indicate if he is still without drinking water. Out of an abundance of caution, the Clerk is DIRECTED to send a copy of this Order to Jail Superintendent Carmisha Turner.

Plaintiff also alleges he has been subjected to abuse at the Jail and that Defendant Powers neglected to treat him and is trying to hide the abuse. Plaintiff does not include any information about the alleged abuse, his injuries, the lack of medical care, and Defendant Powers' involvement. Plaintiff's Complaint does not provide the Court, nor the potential Defendants with adequate notice of his claims. Federal Rule of Civil Procedure 8 states a complaint must include "a short and plan statement of the claim showing the pleader is entitled to relief." *See* Fed. R. Civ. P 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, Plaintiff must clearly state his claims including who was involved and when the allegations took place.

Plaintiff's Complaint is dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend in 30 days.

    **IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace the complaint in its entirety. The amended**

complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2) **Plaintiff's Motion to Request Counsel [4] is DENIED, with leave to renew after Plaintiff clarifies his allegations and the involvement of the named Defendants.**

3) **Plaintiff does not indicate whether he is still without running water in his cell. Out of an abundance of caution, the Clerk is DIRECTED to send a copy of this Order to Jail Superintendent Carmisha Turner.**

ENTERED: 4/14/2023

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge